IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff

    v.                             Case No. 21-cr-20060-JAR

JACELYN GREENWELL.

      Defendant.

## MOTION TO DISMISS WITH SUGGESTIONS IN SUPPORT

Jacelyn Greenwell, by and through counsel, moves the Court to dismiss the Indictment filed October 20, 2021, charging offenses dependent upon 18 U.S.C. § 1589, the Forced Labor Act. Section 1589 is unconstitutional because it is facially deficient and violative of the First Amendment.

## BACKGROUND

The government alleges that Ms. Greenwell, and others, conspired to commit and committed violations of 18 U.S.C. § 1589 while being involved with the United Nation of Islam ("UNOI").  Royall Jenkins started UNOI in Maryland after his departure from the Nation of Islam; Jenkins claimed to be Allah. Indict., at ¶ 1.[1]  Jenkins espoused empowerment through an outright education about and commitment to his teachings, service in support of the UNOI community and a way-of-life dictated by Jenkins.

UNOI started attracting membership in Maryland, but in the late 1990s moved primary operations to Kansas City, Kansas. Indict., at ¶ 2. Parents who committed themselves completely to UNOI ("full-time members") performed "duty" *i.e.* work, in support of the UNOI businesses and UNOI community, while relying on UNOI for housing and all aspects of everyday living.

---

[1]  Jenkins is not a defendant.  He passed away before charges were filed.

The parents placed their children into the UNOI system, which involved education and "duty"/work obligations just as with the adult members. The UNOI community received a positive response from Kansas City, Kansas. Attachment 1 (1997 Kansan article describing UNOI impact in Kansas City, Kansas).   Subsequent news accounts cast a different view on the UNOI community. Attachment 2 (2003 Pitch Weekly article regarding former member and daughter of Royall Jenkins).

UNOI maintained a presence through hundreds of members residing in multiple states (*e.g.* Kansas, Maryland, New York, New Jersey, Ohio, Georgia), from the early 2000s to 2012, at which time Jenkins stopped being the leader of UNOI and the entity changed to various names, *e.g.* The Value Creators, The Promise Keepers. Indict., at ¶¶ 2-7. Throughout his time as leader of UNOI, Jenkins promoted polygamy. He had many UNOI wives and fathered many children.

Jacelyn Greenwell was a minor-aged student in Maryland when her mother introduced her to UNOI.  When Greenwell graduated from high school in the late 1990s, a more substantial commitment to UNOI was presented as an alternative to culinary school; she could learn how to be a chef while working and living within the UNOI structure.  Her mother was in UNOI. Her older sister joined UNOI. Ms. Greenwell accepted the invitation to become more involved with UNOI, believing she would learn how to be a chef.

The Indictment incorrectly alleges that Ms. Greenwell became a "wife" to Royall Jenkins, who was 36-years older than Ms. Greenwell.  She never had that title within the organization.  She did have two children fathered by Royall Jenkins.  Ms. Greenwell remained involved in UNOI for a period of time before affirmatively terminating all ties with it.

Count One charges all defendants with conspiracy to commit forced labor pursuant to 18 U.S.C. § 371, with reference to 18 U.S.C. § 1589, between October 2000 and November 2012. Count One, with regard to Ms. Greenwell, alleges conduct in 2002, 2003 and a general date range from 2000 to 2009. Indict., at ¶¶ 36, 42, 43 and 49.

Counts Two, Three, Four and Seven charge Ms. Greenwell with substantive violations of 18 U.S.C. § 1589 for unspecified conduct concerning particular minors whose family involved them in UNOI. Each charge is alleged with respect to a particular individual. The forced labor charged in the substantive counts is alleged to have occurred over expansive periods of time - 2000/2002 to 2011/2012. Indict., at ¶ 64.

## The Forced Labor Statute

18 USC §1589, cited in all charges of the Indictment, states:

> **(a)** Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means—
>
> **(1)** by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
>
> **(2)** by means of serious harm or threats of serious harm to that person or another person;
>
> **(3)** by means of the abuse or threatened abuse of law or legal process; or
>
> **(4)** by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint,
>
> shall be punished as provided under subsection (d).
>
> **(b)** Whoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means, shall be punished as provided in subsection (d).
>
> **(c)** In this section:
>
> **(1)** The term "abuse or threatened abuse of law or legal process" means the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.
>
> **(2)** The term "serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same

circumstances to perform or to continue performing labor or services in order to avoid incurring that harm.

**(d)** Whoever violates this section shall be fined under this title, imprisoned not more than 20 years, or both. If death results from a violation of this section, or if the violation includes kidnaping, an attempt to kidnap, aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title, imprisoned for any term of years or life, or both.

18 USC § 1594, cited in Counts Two – Eight, states as follows:

**(a)** Whoever attempts to violate section 1581, 1583, 1584, 1589, 1590, or 1591 shall be punishable in the same manner as a completed violation of that section.

**(b)** Whoever conspires with another to violate section 1581, 1583, 1589, 1590, or 1592 shall be punished in the same manner as a completed violation of such section.

Section 1589 and its related statutes were adopted by the Trafficking Victims Protection Act of 2000, replacing a prior statute that addressed "involuntary servitude." The prior statute had received a narrow definitional scope from the courts. *See United States v. Kozminski*, 487 U.S. 931 (1988). Section 1589 was intended to broaden the scope beyond that defined by the Supreme Court.

## ARGUMENT

The charges, based on the forced labor statute, must be dismissed. Section 1589 is written so broadly that is conflicts with the First Amendment right to association, criminalizing through its broad and vague scope routine social relationships. The language employed in the statute is fatally vague and overbroad. This defect is not related to the government's application of the statute; the statute is facially deficient.

Section 1589 is facially invalid for the following reasons:

- The definition of "serious harm" is so broad and vague as to encompass fundamental human relationships.

4

- "Serious harm" implicates all manner of conduct manifest in the raising of a child, supervision of employees, education of children or adults, and imposition of chores and/or work for children.

- A stringent vagueness test applies when a law inhibits a Constitutionally protected right. Section 1589 does not withstand that test.

- The First Amendment protects against the government. It does not leave us at the mercy of "*noblesse oblige*."  An unconstitutional statute is not saved by the government promising to use it reasonably. *United States v. Stevens*, 553 U.S. 285, 292 (2008).

- As discussed in *United States v. Toviave*, 761 F.3d 623, 624 (6th Cir. 2014)("Although Toviave's treatment of the children was reprehensible, it was not forced labor") determining whether evidence is sufficient to constitute the crime compels a court to consider vagaries within the statute.  "In short, treating household chores and required homework as forced labor because that conduct was enforced by abuse either turns the Forced Labor statute into a federal child abuse statute, or renders the requirement of household chores a federal crime." *Id*.

This argument is stated in greater detail in the attached, related secondary source materials. Illich, *First Amendment Challenge to the Forced Labor Act (18 U.S.C. 1589) and the Need for Reform*, 68 Federal Lawyer 34 (2021)(Attachment 3); Illich, *The Thirteenth Amendment and One Hundred and Fifty Years of Struggle to Criminalize Slavery: A First Amendment Challenge to the Forced Labor Act (18 U.S.C. 1589)*, 52 St. Mary's Law Journal 945 (2021)(Attachment 4).  While some courts have addressed and declined challenges to Section 1589, it does not appear that this particular challenge - based on the 1st Amendment right to free association - has been addressed.

5

*See, e.g.*, *United States v. Calimlim*, 538 F.3d 706 (7th Cir. 2008)(constitutional challenge to statute); *United States v. Garcia*, 2003 U.S. Dist. LEXIS 22088 (W.D.N.Y. December 2, 2003)(constitutional challenge to statute).

CONCLUSION

Based on the foregoing, Ms. Greenwell respectfully moves the Court to dismiss the Indictment.

Respectfully submitted,

**s/ Jeffrey D. Morris**
Jeffrey D. Morris
Berkowitz Oliver, LLP –
2600 Grand Boulevard, Suite 1200
Kansas City, MO 64108
Tel:  816-561-7007
Fax: 816-561-1888
Email: jmorris@berkowitzoliver.com
Attorney for Defendant Greenwell

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of March 2023, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to counsel.

*s/ Jeffrey D. Morris*
Counsel for Ms. Greenwell